## HAGAR v. WATT et al.

(District Court, M. D. Pennsylvania. October Term, 1915.)

### No. 219A.

1. BANKRUPTCY ⬅️159—"VOIDABLE" PREFERENCE—WHAT CONSTITUTES.

To be voidable as a preferential transfer, under Bankr. Act July 1, 1898, c. 541, § 60b, 30 Stat. 562 (Comp. St. 1913, § 9644), it must appear that the transfer was made within four months before petition for bankruptcy was filed, that the bankrupt was insolvent, and that the transferee had reasonable cause to believe that the enforcement of the transfer would effect a preference.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 247, 248, 262, 268–281; Dec. Dig. ⬅️159.

For other definitions, see Words and Phrases, First and Second Series, Voidable.]

2. BANKRUPTCY ⬅️303(3)—PREFERENCE—EVIDENCE.

In a suit to set aside a transfer as a preference under Bankr. Act, § 60b, evidence held insufficient to show that the transfer occurred within four months before the filing of the petition.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 462; Dec. Dig. ⬅️303(3).]

3. BANKRUPTCY ⬅️181—FRAUDULENT CONVEYANCE—FRAUD OF CREDITORS—WHAT CONSTITUTES.

Where a debtor, more than four months before the filing of a petition in bankruptcy, transferred corporate stock to his brother, who had made him large advances, equal to, if not in excess of, the value of the stock, the transfer was not fraudulent as to other creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 259, 260, 271. 273, 274; Dec. Dig. ⬅️181.]

In Equity. Bill by Marshall S. Hagar, trustee in bankruptcy of James A. Watt, against Alexander Watt and James A. Watt. Bill dismissed.

---

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

S. E. Darby, of New York City, and C. B. Little, of Scranton, Pa., for complainant.

J. R. Scouton, of Wilkes-Barre, Pa., and J. W. Carpenter, of Scranton, Pa., for defendants.

WITMER, District Judge. The trustee is in this proceeding in equity attempting to recover, by virtue of section 60b of the Bankruptcy Act, from the defendant, Dr. Alexander Watt, brother of the bankrupt, 65 shares of the capital stock of the De Hart-Watt Manufacturing Company, of the par value of $100 each, transferred to him by the bankrupt.

[1, 2] In order to establish a preferential transfer, voidable under this section, it must be made to appear: First, that the transfer was made within four months before the petition in bankruptcy was filed; second, that the bankrupt was insolvent; and, third, that the transferee had reasonable cause to believe that the enforcement of the transfer would effect a preference. The plaintiff has failed to furnish the required proof to establish the first requisite. The petition was filed on the 19th day of March, 1915, and the assignment on the certificate of stock bears date as of the 14th day of November, 1914, exceeding by five days the time limit, and thus excluding the transaction from the operation of the provisions of the act, if the date correctly recites the time when the transfer was made. Plaintiff insists, however, that it does not, calling attention to the testimony of the bankrupt, who, when examined by his creditors, stated that he had assigned and transferred this stock on the 24th day of November, which, if correct, would bring the transaction within the four months period.

After a careful examination of the testimony, and having heard most of the witnesses and observed their manner of testifying, I have not been convinced that the date of the assignment in writing does not correctly report the actual transfer. While it is true that the bankrupt, during a long general examination, stated that he had made such transfer to his brother on the 24th of November, he did so without reference to any data, and when his attention was afterwards called to the writing, he corrected his statement and insisted that he was in error. His brother also corroborated the date of the assignment. However, laying aside and ignoring the testimony of both of the parties to it, the testimony of the subscribing witness impressed the court as absolutely trustworthy and entitled to confidence. She told her story in that straightforward and sincerely open and confident manner, leaving no reason to doubt her statement; and, though there should be a doubt, the plaintiff has failed in his undertaking.

[3] Then, again, it is without dispute that the consideration for the assignment consisted of the bona fide advancements, during several years, of large sums of money to assist the brother, who is now bankrupt, in the development of certain patents, equal to, if not largely in excess of, the value of the stock transferred; hence it could not be argued, were it even alleged in the bill, that the transaction in fact

or in law amounted to a fraud on creditors. This conclusion is so well affirmed, I take it, that it calls for no citation of authorities.

The bill is dismissed, at the costs of plaintiff.